To:     Judge Ambrose

From:   Anne Salzman Kurzweg

Re:     <u>U.S. v. Watkins</u>, No. 8-231

Date:   June 7, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA        )
                                )  CR No. 8-231
    vs.                         )  CV No. 11-323
                                )
MACEO GLEN WATKINS

**OPINION AND ORDER**

**SYNOPSIS**

In this criminal action, Defendant pleaded guilty to two counts of a three-count indictment, charging him with possession with intent to distribute crack cocaine, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924.  Subsequently, he was sentenced to a term of imprisonment of 120 months imprisonment.1  He has filed a Petition pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence.  Defendant raises several grounds for his Motion, including a threshold issue regarding validity of his waiver of appeal and collateral attack rights.  I have carefully reviewed all of Defendant's submissions.  For the following reasons, the Motion will be denied and no certificate of appealability shall issue.

**OPINION**

**I.   APPLICABLE STANDARDS**

---

1 The plea agreement stated that Defendant would be subject to a penalty of, <u>inter alia</u>, not less than ten years and up to life imprisonment.  The sentence reflected the statutory consecutive mandatory minimums under statute, as explained to Defendant on the record, and which Defendant acknowledged he understood.

1

A.  **Section 2255**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 93 Fed. Appx. 402, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

B.  **Ineffective Assistance of Counsel**

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

Accordingly, a guilty plea may be withdrawn based on ineffective assistance of counsel only if "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." United States v. Maynard, 152 Fed. Appx. 191 (3d Cir. 2005).

## II. DEFENDANT'S MOTION

Because it impacts Defendant's ability to press the issues raised in his Motion, I first address the Government's contention that Defendant has waived the right to file the Motion, and Defendant's contention that the waiver is invalid. Defendant and his counsel both signed a plea agreement that contained the following language:

Maceo Glenn Watkins waives the right to take a direct appeal from his conviction or sentence…, subject to the following exceptions:

(a) If the United States appeals from the sentence, Maceo Glenn Watkins may take a direct appeal from the sentence.
(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Maceo Glenn Watkins may take a direct appeal from the sentence.

Maceo Glenn Watkins further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking the conviction or sentence, and the right to file any other kind of collateral proceeding attacking his conviction or sentence.

Defendant and his counsel signed the following statement, appended to the plea agreement:

I have received this letter from my attorney..., have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the [Government].

Generally, waivers of the right to appeal and to collateral attack are valid if entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack. United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver itself, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6. Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004). In assessing the record, I am mindful that "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008).

Presently, Defendant does not make any substantive claim that relates specifically to the negotiation of the waiver at issue, and he avers that the waiver was unknowing or involuntary

in only the most conclusory fashion. At the plea hearing, counsel for the Government clearly stated the terms of the agreement on the record, including the waiver of appellate and collateral attack rights. I asked Defendant whether he heard what counsel said, and Defendant responded, "Yes, ma'am." When asked whether he understood what counsel said, his response was the same; he answered likewise when asked whether he agreed that counsel's statement correctly described his agreement with the Government.

Also at the plea and sentencing hearing, I recited to Defendant specifically what the Government would have to prove as to each Count if he went to trial. I asked whether he understood what the Government would have to prove as to each Count to which he was pleading, and he responded affirmatively. I also recited the maximum penalties at trial for each Count, and Defendant stated that he understood the maximum penalties. Later in the proceeding, I repeated the waivers on the record, and Defendant stated that he understood that he was giving up those rights. At no time during the proceeding did Defendant indicate in any way that he misunderstood or was misadvised about any part of the plea agreement. It is apparent that he was willing and able to correct the record, such as when he corrected a fact in the Government's recitation of the evidence, but he did not raise any concerns about his plea or waiver. The plea colloquy was thorough and clear, and revealed no evidence of duress.

To the extent that Defendant argues that ineffectiveness of counsel rendered his waiver involuntary and unknowing, I reject that argument. Defendant generally contends that counsel misinformed him in some unspecified way about the terms of the plea agreement, should not have advised him to accept a plea containing waivers, failed to advise him regarding the Government's burden of proof at trial, and that he was under unspecified "duress" at the time of the plea colloquy. Given Defendant's sworn, in-court answers during the plea colloquy, in

5

addition to the terms of his written, signed plea agreement, these cursory averments are insufficient to entitle Defendant to relief.

I note, too, that under the plea agreement, the Government agreed not to file a Section 851 information against Defendant, which would have increased the length of Defendant's sentence of incarceration. Advising a charged party in Defendant's position to accept the subject plea is not constitutionally deficient guidance. Moreover, given the waiver of appellate rights, counsel was not ineffective for failing to file an appeal. United States v. Mabry, 536 F.3d 231, 241 (3d Cir. 2008). Under applicable standards, Defendant has proffered absolutely no evidence from which I might conclude that counsel's performance fell below the wide range of reasonably competent assistance. He has not, therefore, demonstrated that the waiver should be avoided on those grounds.

In determining whether a waiver is valid, a court should verify that the waiver was knowing and voluntary, then…ensure that enforcing the waiver will not result in a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008).2 A court may invalidate a waiver if its enforcement works a miscarriage of justice. Khattak, 273 F.3d at 558. In order to determine whether enforcing a waiver will result in such a miscarriage, a court may consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563. Ineffective assistance of counsel that prevented a Defendant from understanding his plea may result in a miscarriage of justice. See United States v. White, 390 Fed. Appx. 114, 116 (3d Cir. 2010).

---

2 Under Goodson, I am also to look to whether the scope of the waiver covers the appeal in question. There is no question that the waiver of collateral attack rights covers Defendant's present Section 2255 Motion.

6

Defendant, however, has not made the showing required to invalidate the waiver. A non-existent or questionable error cannot be of sufficient gravity, character, or impact to weigh in favor of quashing a waiver. As discussed above, the record contains no suggestion of any deficiencies in counsel's performance that would permit a finding of constitutional ineffectiveness. Similarly, the record contains no evidence in support of Defendant's professed, generic lack of understanding regarding his plea agreement.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In sum, Defendant has waived his right to collateral attack, and his Motion must be denied. No certificate of appealability shall issue. An appropriate Order follows.

### ORDER

AND NOW, this 8th day of June, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate (Docket No. 52) is hereby DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court